Judge Davidge
delivered the opinion of the Court.
THE appellants moved the court to quash a replev-in bond, upon several grounds; among others, that the *152 bond was given to the defendants in their proper character and right, when the execution is in their charatí-ter as administratrix and administrator.
The law is the authori-exeoutionthe guide to the officer, in plevirf bondf
Where there variance, it'is fatal, and the bond may be quas e .
Case cited.
proper right, taken on an execution in administra-topi is erro-s ‘ Replevin bond to plaintiffs in their fee quashed.
Triplett, for appellants.
The law may be considered the authority, and the execution the guide to the officer in taking replevin bonds. A material variance between the execution and the bond, will be fatal, and a good ground to quash the bond,
Had this been a suit, and the process qui lam, or as ex-ecu tor or administrator, or assignee of a bankrupt, the. declaration could only have been in the sainé character. 1 Chitty on Plead. 253. We consider that the principle Equally applies to the present case. Had the bond been taken in a fiduciary character, it would have ap-peered from its face, that the money was assets of the decedent; as it is taken, other evidence would be rendered necessary, in a contest for the money, to prove it assets. This is an inconvenience to which the officer h,ad no right to subject parties. It has long been held, that a variance in the name of the party, his abode, or addition, is fatal. 1 Roll. 754, 6 Com. Dig. 173. Nor have our predecessors been less scrupulously exact in their adhesion to the doctrine of variance. In Coleman vs. Edwards; 4 Bibb 347, the court held the variance between the judgment and scire facias fatal, the scire facias alleging the judgmentto have been rendered by a cdurt held for the district of Paris, and the judgment produced in evidence was of the district cnirt held in Paris, composed of the counties of Bourbon, Harrison and Nicholas.
We Would not, however, be understood as deciding that every variance, however inconsiderable, between an execution and replevin bond, would be a sufficient §ro«nd for Washing the bond.
As the judgment must be reversed for tbe foregoing reasons, it is unnecessary for us to say any thing about objections that were made,
The judgment reversed with costs, and the cause remanded to the court below, for new proceedings to be bad, not inconsistent with this